[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff appeals a fair hearing decision upholding the interception of his 1994 State income tax refund by the Bureau of Collection Services to be applied to recoverable unreimbursed public assistance paid by the State on behalf of Plaintiff's child.
The Plaintiff's claim is that his divorce judgment arrearage determination collaterally estops the State from pursuing CT Page 10698 unreimbursed public assistance for the same child for whom the support arrearage was determined.
The Court finds the issue for the Respondent. The dissolution judgment does not bar the State from collecting the full amount of public assistance for which the Plaintiff is statutorily liable, General Statutes § 17b-93 (a).
The hearing officer found the following facts which were not substantially in dispute.
HEARING OFFICER'S FINDINGS OF FACT:
 1. That during the period from May 1, 1990 to September 30, 1994, Lynda Cox received public assistance benefits on behalf of herself and her son, Robert Marfia, who is also the child of the Complainant, Robert Marfia.
 2. That recoverable benefits received by Lynda Cox during said period total $28,681.03.
 3. That under the provisions of Section 17b-93
Robert Marfia is liable to repay the state all recoverable benefits paid to or in behalf of Lynda Cox and his son, Robert Marfia.
 4. That the issue of Robert Marfia's liability under Section 17b-93 of the Connecticut General Statutes was not litigated during his divorce proceedings.
 5. That the Department of Social Services has been partially reimbursed for said public assistance benefits via payments by Robert Marfia totaling $5,675.00.
 6. That the balance of recoverable unreimbursed public assistance at the time of the interception of Robert Marfia's 1994 state income tax refund was $23,006.03.
 7. That the Commissioner of Revenue Services, at the request of the Bureau of Collection Services, intercepted $538.00 of Robert Marfia's 1994 state CT Page 10699 income tax refund.
Plaintiff introduced additional facts in the record concerning the dissolution of his marriage to Lynda Cox which went to judgment on October 24, 1991. An Assistant Attorney General participated in the settlement negotiations and stipulated to a child support arrearage due to the State in the amount of $1,950.
The State's right to reimbursement under § 17b-93 (a) is expressly separate from child support orders:
 The State of Connecticut shall have a lien against property of any kind or interest in any property, estate or claim of any kind of the parent of an aid to dependant children beneficiary, in addition and not in substitution of its claim, for amounts owing under any order for support . . . including any arrearage under such order. . . .
(Emphasis added.)
This language (formerly codified as 17-83e) was found to be "plain and unambiguous" giving "the State the right to pursue an action for the repayment of total AFDC assistance." State ofConnecticut v. Julian, Superior Court judicial district of Waterbury, Docket No. 67863, (May 24, 1984, Stoughton, J.). Also, see Giammatei v. State of Connecticut, Superior Court judicial district of Hartford-New Britain at Hartford, Docket No. 385003 (January 28, 1997, McWeeny, J.).
The Plaintiff's child support obligation calculated in the family division of the Superior Court is calculated on the basis of his income. See §§ 46b-215a and 46b-86 (a) and the child support guidelines established pursuant thereto. Plaintiff's income in this case prevented him from paying the full cost of the support. The remaining cost of the child's support was not picked up by the other parent, but rather the State.
The arrearage calculation at the time of the dissolution merely calculates what he has failed to pay against what he should have paid under the family support guidelines. The total support expenditure of the State through public assistance is not a substantial issue in the support or support arrearage calculation in a dissolution judgment. "Collateral estoppel, or CT Page 10700 issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." In re JuvenileAppeal, 190 Conn. 310, 316 (1983).
The State is able to pursue its claim for public assistance reimbursement even if the parent is current with all Superior Court support and support arrearage payment orders. See Palaisv. State, Superior Court judicial district of Hartford-New Britain at Hartford, Docket No. 566803 (June 10, 1997, McWeeny, J.); but contra Neistat v. Department of Human Resources,
Superior Court judicial district of Hartford-New Britain at Hartford, Docket No. 522974, 14 CONN. L. RPTR 39(April 4, 1995, Barall, J.).
Plaintiff argues that in any cases where public assistance has been provided, parties to a dissolution should be advised of the State's right to recoup the full amount of such payments.[1] Plaintiff fails to cite any authority that the burden of such advisement falls to the State; or that the Plaintiff's ignorance as to his true obligation overcomes a strong public policy to reduce government expenditures for support of children by collecting support from parents. Turnerv. Turner, 219 Conn. 703, 713 (1991).
The appeal is dismissed.
Robert F. McWeeny, J.